# EXHIBIT A

SNOW, CHRISTENSEN & MARTINEAU
John R. Lund (Utah State Bar No. 4368)
Murry Warhank (Utah State Bar No. 11792)
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84145-5000
Telephone:  801-521-9000

MEYER ORLANDO LLC
Michael A. Orlando
13201 Northwest Frwy., Suite 119
Houston, TX 77040
Telephone:  713-460-9800

*Attorneys for Zeis Consulting Services, Inc., and Russell Evans*

---

## IN THE SEVENTH JUDICIAL DISTRICT COURT IN AND FOR CARBON COUNTY

## PRICE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| AARON OLMSTEAD | **STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ZEIS CONSULTING SERVICES, INC. AND RUSSELL EVANS** |
| Plaintiff, | |
| vs. | |
| BILL BARRETT CORPORATION; ZEIS CONSULTING SERVICES, INC.; RUSSELL EVANS, Individually; THE BOC GROUP, INC.; PRAXAIR, INC.; and REED HURST TRUCKING, INC., | Civil No. 090700463 |
| | Judge Douglas B. Thomas |
| Defendants. | |

It is hereby stipulated and agreed by and between the Plaintiff through his attorneys, and

Defendants Zeis Consulting Services, Inc. and Russell Evans, through their attorneys, that the

above-entitled action be dismissed as to Zeis Consulting Services, Inc. and Russell Evans with

prejudice without costs.

DATED this 26th day of October, 2008.

SNOW, CHRISTENSEN & MARTINEAU

By _____
John R. Lund
Murry Warhank

Attorneys for Zeis Consulting and Russell Evans

RICHARDS, BRANDT, MILER & NELSON

By _____ *by permission ml*
Lynn S. Davies
Nathan S. Morris

JENSEN BRYNER LAW OFFICES PLLC

By _____ *by permiss ml*
Christian B. Bryner

CLARK, DEAN & BURNETT, GP

By _____
J. Christian Dean

Attorneys for Plaintiff

024807-0001 1249338.1

STIPULATION FOR DISMISSAL                2
Civil No. 090700463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the *26th* day of October, 2009, I caused true and correct

copies of the foregoing to be served upon the following, via U.S. Mail:

| | |
|---|---|
| Lynn S. Davies<br>Nathan S. Morris<br>Richards, Brandt, Miller & Nelson<br>299 S Main Street #1500<br>PO Box 2465<br>Salt Lake City, UT  84110-2465<br>*Attorneys for Plaintiff* | Christian B. Bryner<br>Jensen Bryner Law Offices<br>90 West 100 North #3<br>Price, UT  84501<br>*Attorneys for Plaintiff* |
| Donald J. Winder<br>John W. Holt<br>Winder & Counsel<br>175 W 200 South #4000<br>Salt Lake City, UT  84101<br>*Attorneys for Bill Barrett Corporation* | J. Christopher Dean<br>Clark, Dean & Burnett, GP<br>440 Louisiana, Suite 600<br>Houston, TX  77002<br>*Attorneys for Plaintiff* |
| Robert D. Brown<br>Donato, Minx, Brown & Pool, P.C.<br>3200 Southwest Freeway, Suite 2300<br>Houston, TX  77027<br>*Attorneys for Bill Barrett Corporation* | Dale J. Lambert<br>Christensen & Jensen<br>15 W South Temple #800<br>Salt Lake City, UT  84101<br>*Attorneys for Reed Hurst Trucking, Inc.* |
| Robert L. Janicki<br>Lance H. Locke<br>Strong & Hanni<br>3 Triad Center #500<br>Salt Lake City, UT  84180<br>*Attorneys for The BOC Group nka Linde, Inc.* | Lansford Ireson<br>Ireson & Weizel, P.C.<br>700 Louisiana #1200<br>Houston, TX  77002<br>*Attorneys for The BOC Group nka Linde, Inc.* |

Legal Assistant

STIPULATION FOR DISMISSAL                    3
Civil No. 090700463

# EXHIBIT
# B





FILED
APR 24 2009
SEVENTH DISTRICT COURTS

LYNN S. DAVIES [0824]
NATHAN S. MORRIS [9431]
RICHARDS, BRANDT, MILLER & NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Email: lynn-Davies @rbmn.com
      nathan-Morris@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

-and-

CHRISTIAN B. BRYNER [8730]
JENSEN BRYNER LAW OFFICES PLLC
90 West 100 North, #3
Price, Utah 84501
Email: bmerlaw@emerytelcom.net
Telephone: (435) 636-1111
Fax No.: (435) 637-1713

*Attorneys for Plaintiff*

---

## IN THE SEVENTH JUDICIAL DISTRICT COURT

## IN AND FOR CARBON COUNTY, STATE OF UTAH

| | |
|---|---|
| AARON OLMSTEAD<br><br>        Plaintiff,<br><br>vs.<br><br>BILL BARRETT CORPORATION; ZEIS<br>CONSULTING SERVICES, INC.; RUSSELL<br>EVANS, INDIVIDUALLY; THE BOC<br>GROUP, INC.; PRAXAIR, INC.; AND<br>REED HURST TRUCKING, INC.<br><br>        Defendants. | **COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL**<br><br>Civil No. 090700403<br><br>Judge Thomas |

For cause of action against Defendants, Plaintiff alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff AARON OLMSTEAD was a citizen and resident of the State of Utah at all times referred to herein.

2.     Defendant BILL BARRETT CORPORATION, which has appeared and answered the First Amended Petition previously filed in Texas, maintains its principal place of business in the State of Colorado, and at all times pertinent hereto, conducted business and sold its products throughout the United States, including the State of Utah.

3.     Defendant ZEIS CONSULTING SERVICES, INC., which has appeared and answered the First Amended Petition previously filed in Texas, is a foreign corporation organized and existing under the laws of the State of Utah, and at all times pertinent hereto, conducted business and sold its products throughout the United States, including the State of Utah.

4.     Defendant RUSSELL EVANS, individually, has appeared and answered the First Amended Petition previously filed in Texas, and is an individual doing business as Zeis Consulting Services, Inc. which maintains business premises in the State of Utah, and at all times pertinent hereto, conducted business and sold products in, and/or had sufficient contacts with, the State of Utah.

5.     Defendant THE BOC GROUP, INC., which has appeared and answered the First Amended Petition previously filed in Texas, maintains its principal place of business in the State of New Jersey, and at all times pertinent hereto, conducted business and sold its products throughout the United States, including the State of Utah.

2

6.    Defendant PRAXAIR, INC., which has appeared and answered the First Amended Petition previously filed in Texas, maintains its principal place of business in the State of Connecticut, and at all times pertinent hereto, conducted business and sold its products throughout the United States, including the State of Utah.

7.    Defendant REED HURST TRUCKING, INC., which has appeared and answered the First Amended Petition previously filed in Texas, maintains its principal place of business in the State of Idaho, and at all times pertinent hereto, conducted business and sold its products throughout the United States, including the State of Utah.

8.    This Court has jurisdiction over this action pursuant to Utah Code Ann. § 78A-5-102(1) and jurisdiction over defendants pursuant to Utah Code Ann. § 78B-3-205.

9.    Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-307.

## FACTS

10.    This case arises from an explosion at a gas well site ("subject well site") on 2 August 2007 in the Peters Point area of the West Tavaputs field near Price, Carbon County, Utah. This explosion severely and catastrophically burned 85% of Plaintiff Aaron Olmstead's body.

11.    Defendant Bill Barrett Corporation leased this and numerous other fields from the Bureau of Land Management, Department of Interior ("BLM"). The BLM designated Defendant Bill Barrett Corporation as the sole operator in control of the subject well site when it approved Defendant Bill Barrett Corporation's permit to drill. Defendant Bill Barrett Corporation was drilling, fracing, and completing many dozens of wells in this area in this time frame.

3

12.     In the summer of 2007, Defendant Bill Barrett Corporation directed that a well be spud, or drilled, on this subject well site.  In July 2007, Defendant Bill Barrett Corporation directed that the subject well site undergo a carbon dioxide frac job (herein "frac job").  The purpose of a frac job is to promote flow of natural gas by pumping tons of carbon dioxide down a hole to fracture hydrocarbon-containing formations, thus producing flow of natural gas.

13.     Defendant Bill Barrett Corporation hired several service companies, which it had the responsibility to approve, to accomplish the several aspects involved in this frac job. Defendants, and each of them, comprise these service companies.

14.     Defendant Bill Barrett Corporation approved Defendants Zeis Consulting Services, Inc. and Russell Evans to superintend the frac job.  Collectively, these Defendants are referred to herein as the "Hydrocarbon Defendants."  Defendant Bill Barrett Corporation likewise hired Plaintiff Aaron Olmstead's employer, Integrated Production Services, Inc., who is not named as a party in this Complaint, to monitor flowback after the frac job.

15.     Defendant Bill Barrett Corporation hired Defendant The BOC Group, Inc. and Defendant Praxair, Inc. to deliver the many tons of liquid $CO_2$ for this frac job.  Defendant The BOC Group, Inc. hired Defendant Reed Hurst Trucking, Inc. to transport $CO_2$ tankers and portable storage units to and from various Bill Barrett Corporation well sites in this area, including the subject well site.  Collectively, Defendant The BOC Group, Inc., Defendant Reed Hurst Trucking, Inc., and Defendant Praxair, Inc. are referred to herein as "$CO_2$ Defendants."

16.     Per the investigation of the Utah Labor Commission, Occupational Safety and Health Division and the Bureau of Land Management, this subject well site was not posted with any warnings or a designated smoking area.

4

17.     These Defendants completed this frac job late on the afternoon of August 1, 2007.

18.     For the next fifteen hours while Plaintiff Aaron Olmstead was not on shift, Defendant Bill Barrett Corporation, its superintendent, Defendant Zeis Consulting Services, Inc., and Defendant Russell Evans flooded the site with methane from the well bore, which is highly explosive.

19.     Plaintiff Aaron Olmstead's shift as an employee of Integrated Production Services, Inc. was scheduled to begin at 6:00 a.m. on August 2, 2007. Before Plaintiff's shift began, Defendants The BOC Group and Reed Hurst Trucking, Inc., through their agent Cory Curran, flooded the subject well site with several tons of liquid $CO_2$ blown down from a large portable storage unit on the subject well site. This caused a dangerous $CO_2$ vapor fog to blanket the site. The $CO_2$ vapor fog acted to trap the methane at the subject well site and keep it from escaping into the atmosphere.

20.     When Plaintiff Aaron Olmstead and his co-worker encountered this $CO_2$ cloud on the subject well site, their company pickup stalled because $CO_2$ had displaced much of the oxygen on the subject well site. Plaintiff and his co-workers were demonstrating signs and symptoms of an oxygen deficient atmosphere at this site. A plan was made to evacuate the site because of the $CO_2$ vapor cloud.

21.     Before he joined his co-workers and while sitting in the closed cab of his company pickup, Plaintiff Aaron Olmstead believes he attempted to light a cigarette. Despite being in the confines of the pickup, the spark may have ignited the methane that had been flooding this subject well site. The air in the cab exploded and caught Plaintiff Aaron

5

Olmstead's clothes on fire. When he got out of the pickup to drop and roll, the methane enveloping the pickup exploded.

    22.    Now running in terror, Plaintiff's body was a fireball, igniting a tail of fire behind him reported to be six feet high and fifteen feet long. Other areas of the site began to ignite independently, which prevented co-workers from reaching Plaintiff immediately to rescue him.

    23.    Plaintiff suffered permanent and terrible disabling injuries from this explosion and fire. He was otherwise a healthy and robust young man of twenty-six years old when this catastrophe occurred. His medical bills alone exceed $4,000,000.00. He has not worked since the explosion and he will never be able to work in any meaningful way. He has not been discharged from the hospital since the explosion. His medical care and expenses will continue throughout his lifetime. He suffers, and will continue to suffer, extreme pain and suffering.

### FIRST CAUSE OF ACTION
#### (Negligence – Hydrocarbon Defendants)

    24.    Plaintiff incorporates paragraphs 1 through 23 as though fully set forth in this First Cause of Action.

    25.    The Hydrocarbon Defendants, each of them, owed Plaintiff duties of care based on each defendant's respective responsibilities, activities, involvement, and efforts in connection with operating and superintending the subject well. Defendant Bill Barrett Corporation is responsible at law for the acts and omissions of Defendants Russell Evans and Zeis Consulting Services, Inc. Defendant Russell Evans acted with actual and implied authority for Defendant Bill Barrett Corporation, to superintend and operate this site and perform acts incidental to that

6

authority.  Defendant Bill Barrett Corporation retained control over the site and contractors on site with respect to the work, the methods, and the results.

26.    The Hydrocarbon Defendants, each of them, prepared, contributed to, participated in, oversaw, encouraged, permitted, or otherwise failed to prevent dangerous and ultrahazardous conditions which  directly and proximately resulted in Plaintiff's injuries, thereby breaching their legal duties owed to Plaintiff.  Defendants were negligent through their own acts and omissions, and by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively, including without limitation:

    a.   In defying safety regulations designed to safeguard the health and lives of on-site personnel;

    b.   In permitting hydrocarbons to be introduced to the atmosphere at and around the subject well site;

    c.   In choosing to omit the use of equipment essential to the safe performance of the work being performed at the subject well site;

    d.   In permitting highly flammable hydrocarbon gases to escape and release into the atmosphere where workers were located;

    e.   In choosing not to establish, enforce and implement a comprehensive safety inspection program for the subject well site in question;

    f.   In allowing a known, dangerous condition to exist at the subject well site which had the potential to harm workers working including Plaintiff Aaron Olmstead;

    g.   In failing to warn personnel about known and potential dangers on subject well site;

    h.   In failing to provide Plaintiff with a safe place in which to perform his work;

    i.   In failing to warn Plaintiff of the dangerous condition that existed at all times material hereto;

7

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

j. In failing to audit the health and safety policies of contractors hired by the operator for this job;

k. In failing to remove, eliminate or abate the dangerous condition that existed at all times material hereto;

l. In failing to properly and adequately train its responsible personnel ;

m. In failing to properly maintain and utilize safety mechanisms and alarms;

n. In failing to establish and follow safe procedures;

o. In failing to designate, post, and enforce smoking policies, signs and warnings;

p. In failing to abide by industry standards and federal permits in the operation of this and other wells;

q. In failing to require appropriate procedures to be followed during the venting of $CO_2$ on the subject well site;

r. In allowing $CO_2$ tankers to be blown down on the subject well site where workers were located;

s. In failing to establish an effective hazard communication program;

t. In cultivating an atmosphere where the safety of workers is sacrificed for the sake of corporate profits and time; and

u. Other acts of negligence.

27.      As a direct and proximate cause of the Hydrocarbon Defendants' acts and omissions as set forth above, Plaintiff Aaron Olmstead was injured, thereby causing Plaintiff's injuries and damages as described in this Complaint in amounts to be proven at the time of trial.

## SECOND CAUSE OF ACTION
### (Strict Liability – Ultrahazardous/Abnormally Dangerous Activity)

28.      Plaintiff incorporates paragraphs 1 through 27 as though fully set forth in this Second Cause of Action.

8

29.    Defendant Bill Barrett Corporation, as operator in control of the well site, owed nondelegable duties to workers with respect to the ultrahazardous/abnormally dangerous activities and conditions on the subject well site.  The subject well site involved abnormally dangerous activities, given that methane was deliberately released in large quantities into the atmosphere.  Defendant knew, or should have known, that deliberately releasing methane, posed a high degree of risk of harm to Plaintiff Aaron Olmstead and others which could not be eliminated by the exercise of reasonable care.

30.    Defendants The BOC Group and their agents Reed Hurst Trucking and Cory Curran owed nondelegable duties to workers with respect to the ultrahazardous/abnormally dangerous activities and conditions on the subject well site.  These Defendants caused tons of liquid $CO_2$, a known noxious agent, to flood and blanket this well site, which constituted an abnormally dangerous activity.  Defendant knew, or should have known, that deliberately flooding the well site with liquid $CO_2$, posed a high degree of risk of harm to Plaintiff Aaron Olmstead and others which could not be eliminated by the exercise of reasonable care.

31.    Pursuant to Restatement 2d Torts § 520 and Utah common law, Defendants are strictly liable to Plaintiff for all injuries and damages alleged in this Complaint.

32.    As a direct and proximate cause of Defendants' acts and omissions as set forth above, Plaintiff was injured, thereby causing Plaintiff's injuries and damages as described in this Complaint in amounts to be proven at the time of trial.

9

## THIRD CAUSE OF ACTION
### (Negligence – CO₂ Defendants)

33.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth in this Third Cause of Action.

34.     The CO₂ Defendants, each of them, owed Plaintiff duties of care based on each defendant's respective responsibilities, activities, involvement, and efforts in connection with operating and superintending the subject well site.    Defendant The BOC Group, Inc. is responsible at law for the acts and omissions of Defendant Reed Hurst Trucking, Inc. and Cory Curran.    Cory Curran acted with actual and implied authority for Defendants Reed Hurst Trucking, Inc. and The BOC Group, Inc. to handle and transport CO₂ and perform acts incidental to that authority. Defendant The BOC Group, Inc. retained control over Defendant Reed Hurst Trucking, Inc. and Cory Curran on site with respect to the work, the methods, and the results.

35.     The CO₂ Defendants, each of them, prepared, contributed to, participated in, oversaw, encouraged, permitted, or otherwise failed to prevent dangerous and ultrahazardous conditions which directly and proximately resulted in Plaintiff Aaron Olmstead's injuries, thereby breaching their legal duties owed to Plaintiff.    The CO₂ Defendants were negligent through their own acts and omissions and by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively, including without limitation:

10

From: 6371713     Page: 12/16     Date: 4/27/2009 12:13:14 PM

a.  In defying safety regulations designed to safeguard the health and lives of the subject well site personnel; and

b.  In deliberately dumping tons of $CO_2$ into the atmosphere at and around the subject well site;

c.  In choosing to omit the use of equipment essential to the safe performance of the work being performed at the subject well site;

d.  In allowing a known, dangerous condition to exist at the subject well site that had the potential to harm workers ;

e.  In failing to warn personnel about known and potential dangers on subject well site;.

f.  In failing to provide Plaintiff with a safe place in which to perform his work;

g.  In failing to warn Plaintiff of the dangerous condition that existed at all times material hereto;

h.  In failing to remove, eliminate or abate the dangerous condition that existed at all times material hereto;

i.  In failing to properly and adequately train its responsible personnel ;

j.  In failing to establish and follow safe procedures;

k.  In failing to designate, post, and enforce smoking policies, signs and warnings;

l.  In failing to abide by industry standards and federal permits in the operation of the subject well site and other wells;

m.  In failing to require appropriate procedures to be followed  during the venting of $CO_2$ on subject well site;

n.  In allowing $CO_2$ tankers to be blown down on subject well site where workers were located;

o.  In failing to establish an effective hazard communication program; and

11

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

p.  In cultivating an atmosphere where the safety of workers is sacrificed for the sake of corporate profits and time;

q.  Other acts of negligence.

36.   As a direct and proximate cause of the $CO_2$ Defendants' acts and omissions as set forth above, Plaintiff Aaron Olmstead was injured, thereby causing Plaintiff's injuries and damages as described in this Complaint in amounts to be proven at the time of trial.

### FOURTH CAUSE OF ACTION
### (Premises Liability)

37.   Plaintiff incorporates paragraphs 1 through 36 as though fully set forth in this Fourth Cause of Action.

38.  Defendants, as owners, lessors, and/or occupiers of the subject well site, were in possession and control of the subject well site at the time of the August 2, 2007 explosion.

39.   Defendants, each of them, are liable to Plaintiff Aaron Olmstead, a business invitee/visitor, because Defendants knew, or should have known, that the condition of the subject well site at all material times before the explosion posed an unreasonable risk of harm, and those Defendants failed to exercise reasonable care to protect against danger, or remedy its existence, or acknowledge the inability of invitees to protect themselves against the risks.   The unreasonable risks of harm included, without limitation, the hazardous atmosphere at the site created by the discharge of methane and liquid $CO_2$.

12

40.    Defendants' acts and omissions proximately caused the severe and disabling injuries to Plaintiff Aaron Olmstead, as set forth in this Complaint.

### FIFTH CAUSE OF ACTION
**(Gross Negligence / Reckless Endangerment)**

41.    Plaintiff incorporates paragraphs 1 through 40 as though fully set forth in this Fifth Cause of Action.

42.    Defendants, each of them, knew or should have known that the hazards and failures set forth in this Complaint posed substantial and extreme risks to the health and safety of those workers, including Plaintiff, considering the probability and magnitude of the potential harm.

43.    Defendants, each of them, had a nondelegable duty to, among other things, warn and/or otherwise protect those workers, including Plaintiff Aaron Olmstead.

44.    Despite their actual or constructive knowledge of the above-referenced dangers and risks, Defendants, each of them, breached their duties owed to Plaintiff.

45.    Said Defendants' acts and omissions are the result of willful and malicious or intentionally fraudulent conduct and manifests a knowing and reckless indifference toward, and a disregard of Plaintiff's rights and the workers' rights.

46.    As a direct result of the breach of duties, and of said Defendants' willful and malicious or intentionally fraudulent conduct, Plaintiff sustained special and general damages as set forth herein and in an amount to be proven at trial.

13

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury and has attached the appropriate fee herewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants on the claims and causes described and the causes of action set forth in this Complaint, as follows:

1.    For an award of special damages, all in amounts to be proven at the time of trial;

2.    For an award of general damages, including loss of enjoyment of life, disfigurement, mental anguish and emotional and psychological harm, pain and suffering, and other general damages, all in amounts to be proven at the time of trial;

3.    For an award of future damages and economic losses, including but not limited to future medical expenses, life care and treatment, lost wages, loss of earning capacity, accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were included in Plaintiff's employment, and other future damages;

4.    For an award of punitive damages against Defendants in an amount sufficient to punish Defendants for their acts, omissions, and/or conduct and to deter others from the same or similar conduct in the future;

5.    For all costs of this suit, including attorneys fees;

6.    For pre-judgment interest as allowed by law, including but not limited to interest from August 2, 2007 on all special damages;

7.    For post-judgment interest as allowed by law; and

14

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

8.    For such other and further relief as the Court deems just and proper in the premises, and any other remedy permitted under Utah law.

DATED this 24th day of _April_, 2009.

> RICHARDS, BRANDT, MILLER & NELSON
> LYNN S. DAVIES
> NATHAN S. MORRIS
> Wells Fargo Center, 15th Floor
> 299 South Main Street
> P.O. Box 2465
> Salt Lake City, Utah 84110-2465
> -and-
> CHRISTIAN B. BRYNER
> JENSEN BRYNER LAW OFFICES PLLC
> 90 West 100 North, #3
> Price, Utah 84501
>
> LYNN S. DAVIES
> NATHAN S. MORRIS
> CHRISTIAN B. BRYNER
> *Attorneys for Plaintiff*

Plaintiff's Address:
Aaron Olmstead
303 Scarlett Drive
Crossville, TN 38555

G:\EDSK\DOCS\9900\0018\MN9900.DOC

15

LYNN S. DAVIES [0824]
NATHAN S. MORRIS [9431]
RICHARDS, BRANDT, MILLER & NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: lynn-Davies @rbmn.com
          nathan-Morris@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

-and-

CHRISTIAN B. BRYNER [8730]
JENSEN BRYNER LAW OFFICES PLLC
90 West 100 North, #3
Price, Utah 84501
Email: brynerlaw@emerytelcom.net
Telephone: (435) 636-1111
Fax No.: (435) 637-1713

## IN THE SEVENTH JUDICIAL DISTRICT COURT

## IN AND FOR CARBON COUNTY, STATE OF UTAH

| | |
|---|---|
| AARON OLMSTEAD<br><br>    Plaintiff,<br><br>vs.<br><br>BILL BARRETT CORPORATION, ZEIS CONSULTING SERVICES, INC.; RUSSELL EVANS, INDIVIDUALLY; THE BOC GROUP, INC.; PRAXAIR, INC.; AND REED HURST TRUCKING, INC.<br><br>    Defendants. | **SUMMONS**<br>**(20 Day)**<br><br>Civil No. 090700463<br><br>Judge Douglas B. Thomas |

**THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT:**

<u>Defendant Bill Barrett Corporation</u>
C/O Corporation Service Company, Registered Agent
2180 South 1300 East, Suite 650
Salt Lake City, Utah 84106

You are hereby summoned and required to file an Answer in writing to the attached

Complaint within twenty (20) days after service of this Summons upon you.  The Answer must

be filed with the Clerk of the Seventh District Court for Carbon County, 149 East 100 South,

Price, Utah 84501, and a copy also must be served upon or mailed to Nathan S. Morris of

RICHARDS, BRANDT, MILLER & NELSON, attorneys for the Plaintiff, 299 South Main Street, Wells

Fargo Center, 15th Floor, P.O. Box 2465, Salt Lake City, Utah  84110-2465.

If you fail to answer, judgment by default will be taken against you for the relief

demanded in the Complaint, a copy of which is attached and is also served upon you, which

Complaint has been filed with the Clerk of the Court.

DATED this 28ᵗʰ day of April, 2009.

RICHARDS, BRANDT, MILLER NELSON

NATHAN S. MORRIS
*Attorneys for Plaintiff*

G:\EDS\DOCS\99000\0018\MN9900.DOC

2